IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

RUSSELL LANCE HUTCHINS                                             PLAINTIFF

VS.                                          CIVIL ACTION NO. 3:08cv688-JCS

ROCHELLE WALKER, M.D.,
CHRISTOPHER EPPS, and
GLORIA PERRY, M.D.                                             DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion for summary judgment filed by Defendants Christopher Epps and Gloria Perry. An order of reference to the undersigned was previously entered herein, and the parties have consented to exercise of jurisdiction by the undersigned. Having considered the motion, Plaintiff's response, and the other evidence of record, the court concludes that the motion should be granted.

Plaintiff is a convicted state inmate who during the relevant time period was incarcerated in the medical unit at Central Mississippi Correctional Facility (CMCF). Defendant Christopher Epps is the commissioner of the Mississippi Department of Corrections (MDOC). Defendant Gloria Perry is the Chief Medical Officer of MDOC. Defendant Rochelle Walker, who remains unserved, was the Medical Director at CMCF during the relevant time period. Plaintiff brought the present § 1983 action alleging denial of medical treatment. The essential facts appear to be undisputed and are as follows. Plaintiff has a long history of custody with MDOC, having first entered the system in 1993. He has for many years suffered from the residuals of a injury to his right ankle, which has been surgically fused and is held in place with pens, rods and screws. He also suffers from problems with his left foot. The combined effect of these problems is a limitation in

his ability to walk and balance.  Another result of these problems is that his right leg is approximately one and one-half inches shorter than his left.  He has for some time worn orthopedic shoes, and he uses a cane for assistance.  He also has in the past been classified as a Medical Class Three with a restriction that he be assigned to a bottom bunk.  In April of 2007 he was released on Earned Release Supervision.  At the time of his release, he was being housed at East Mississippi Correctional Facility (EMCF).  While he was at EMCF, he was issued orthopedic shoes.  Two months after his release, he violated the conditions of his release and returned to MDOC custody at CMCF.  Upon entry into CMCF, his orthopedic shoes were seized as contraband, and he was issued tennis shoes.  He was also given a Medical Class Two classification and was assigned to a top bunk.  Plaintiff states that he filed numerous requests for medical attention in order to be issued orthopedic shoes and assigned to a bottom bunk, but to no avail.  In April of 2008 Plaintiff filed a grievance through the prison's Administrative Remedy Program (ARP).  He was denied relief at the first and second steps of the ARP process.  His second-step response stated that according to Dr. Walker, in January of 2008, Plaintiff had been evaluated by a physician who indicated that Plaintiff did not meet the criteria for a bottom rack profile or a change in his medical classification.  His third-step response was prepared and signed by Defendant Perry.  Dr. Perry stated that Plaintiff's medical classification was being changed to Class Three with a bottom bunk restriction.  However, no relief regarding orthopedic footwear was mentioned, apparently because, according to Dr. Perry's response, the health care providers at CMCF had not recommended that Plaintiff be sent to a specialist.  After the filing of this lawsuit, Plaintiff was seen by a

2

specialist, and in June of 2009 he received corrective footwear.

Plaintiff initially sought injunctive relief in the form of issuance of orthopedic shoes and a bottom bunk restriction, as well as damages. However, his claims for injunctive relief are now moot. Plaintiff claims he is entitled to damages from Defendants for the pain and suffering he endured for the months he was forced to use a top bunk and for the year in which he did not have orthopedic shoes.

Where the wrong complained of is a denial of medical treatment, a prisoner must establish deliberate indifference to serious medical needs. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *see also Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Proof of deliberate indifference requires the prisoner to show that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 725, 756 (5th Cir. 2001). It may be the case that someone in the prison system should have attended sooner to Plaintiff's requests for assistance in obtaining a bottom bunk restriction and in being evaluated for orthopedic shoes. However, the evidence supporting Plaintiff's allegations does not establish that any of the three named Defendants were subjectively aware of a serious medical need to which they were intentionally or deliberately indifferent. There is no evidence that Defendant Epps was involved in any way with Plaintiff's medical treatment or medical classification. Dr. Perry's only involvement was to review Plaintiff's administrative grievance, and her response indicated that she reasonably relied upon the medical opinions of health care professionals at the facility where Plaintiff was housed in

3

failing to take any further action to have Plaintiff evaluated by a specialist. As to Defendant Walker, Plaintiff's only allegation or evidence against her is that she failed to have Plaintiff evaluated by a specialist. Plaintiff has not come forward with any specific evidence that Plaintiff's desire for a bottom bunk and orthopedic shoes were serious medical needs and that Dr. Walker was subjectively aware of those needs but nevertheless ignored them.

For these reasons, the court concludes that there is no genuine issue of material fact and that all Defendants are entitled to judgment as a matter of law. A separate judgment will be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this the 23rd day of October.

/s/ James C. Sumner

UNITED STATES MAGISTRATE JUDGE